**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben RODRIGUEZ–RAZO,**
**Defendant–Appellant.**

**No. 91–50147.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1991.

Decided May 6, 1992.

Nancy G. Kendall, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Mary A. Schneider, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: BROWNING, BOOCHEVER, and REINHARDT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Ruben Rodriguez–Razo appeals his 63–month sentence on the ground that the district court erred in adjusting his base offense level upward by two points for obstruction of justice. We vacate his sentence and remand.

## BACKGROUND

Rodriguez–Razo was convicted after pleading guilty to attempted possession of marijuana with intent to distribute, a violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. During two presentence interviews, at which his attorney was not present, Rodriguez–Razo failed to disclose three prior criminal convictions which he sustained under a different name: two for driving under the influence and one for transportation and sale of marijuana. When the probation officer questioned him specifically about the drug conviction, however, he admitted it. Rodriguez–Razo conceded to her that he did not reveal these convictions in order to avoid a longer prison sentence. Based on Rodriguez–Razo's concealment of this information, the probation officer recommended a two-point upward adjustment for obstruction of justice. The district court accepted this recommendation and sentenced Rodriguez–Razo to 63 months in prison.

## DISCUSSION

### I

■ In reviewing of Rodriguez–Razo's sentence we are guided by 18 U.S.C. § 3742(f), which provides:

If the court of appeals determines that the sentence—(1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instruction as the court considers appropriate.

18 U.S.C. § 3742(f) (1988). In addressing Rodriguez–Razo's contentions, therefore, we must first determine whether the district court erred in imposing the obstruction adjustment. If we determine an error was made, we must next determine whether remand is required. If the error resulted from a misapplication of the Sentencing Guidelines, but did not affect the district court's choice of the sentence imposed, the error is harmless and remand is not required. *See Williams v. United States,* —— U.S. ——, ——, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992). Finally, if remand is required, we must fashion appropriate instructions to guide the district court in resentencing Rodriguez–Razo.

■ Rodriguez–Razo claims that the district court erred in increasing his offense level for obstruction of justice on two grounds. First, he argues that his omissions concerning prior criminal convictions do not constitute obstruction of justice under the Guidelines commentary. Resolving this issue involves an interpretation of the Guidelines, and our review is therefore de novo. *United States v. Mondello,* 927 F.2d 1463, 1465 (9th Cir.1991). Second, he argues that his omissions may not be considered because he did not have assistance of counsel at the interviews in which he failed to disclose the convictions. Resolving this issue involves an interpretation of the legal principles we enunciated in *United States v. Herrera–Figueroa,* 918 F.2d 1430 (9th Cir.1990), concerning defendants' rights to have counsel present at presentence interviews. Hence, our review of this second issue is de novo as well. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### II

■ Rodriguez–Razo argues that his failure in the initial presentence interviews

to disclose three prior convictions which he sustained under another name does not constitute obstruction of justice under the November 1990 version of the Sentencing Guidelines. We apply the version of the Sentencing Guidelines in effect on the date of sentencing, December 17, 1990. *See* 18 U.S.C. § 3553(a)(4), (5). The November 1990 amendments to the Guidelines are thus applicable here.

The Sentencing Guidelines require a two-level increase in the offense level for obstruction of justice "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." United States Sentencing Commission, *Guidelines Manual*, § 3C1.1 (Nov. 1990). The Guidelines commentary sets forth examples of conduct constituting obstruction of justice, including "providing *materially false information* to a probation officer in respect to a presentence or other investigation for the court." *Id.* comment (n. 3(h)) (emphasis added). Effective November 1, 1990, the Sentencing Commission added an application note listing types of conduct that "do *not* warrant application of this enhancement," including "providing incomplete or misleading information, *not amounting to a material falsehood*, in respect to a presentence investigation." *Id.* (n. 4(c)) (emphasis added).

Rodriguez–Razo argues that because he provided "incomplete or misleading information" about his convictions, he did not obstruct justice within the meaning of Note 4(c). By its terms, however, Note 4(c) precludes enhancement only if the misstatement or omission is not material. The Guidelines commentary defines a material statement as a "statement ... that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 comment (n. 5). A misstatement concerning prior convictions made at a presentence interview affects the length of sentence, which is the issue under determination. *U.S. v. Baker*, 894 F.2d 1083, 1084 (9th Cir.1990). Rodriguez–Razo's omissions therefore constituted material misstatements of his prior criminal record, and

in concluding that they constituted obstruction of justice, the district court did not err in applying the Sentencing Guidelines.

## III

### A

■ Rodriguez–Razo next asserts that the district court erred in enhancing his sentence for obstruction of justice because he lacked assistance of counsel in the presentence interviews at which he made the omissions which form the basis of the enhancement. After these initial presentence interviews, but before Rodriguez–Razo's scheduled sentencing hearing, this court issued its opinion in *Herrera–Figueroa*, 918 F.2d 1430, in which we held that probation officers must permit defendants upon request to have their attorneys present at presentence interviews.

At the scheduled sentencing hearing, Rodriguez–Razo objected to the presentence report's recommendation of a two-point obstruction of justice adjustment, arguing that he would not have made the omissions about his criminal record had his attorney been present at the interview. He requested that the court reject the recommended obstruction adjustment, or in the alternative, allow another presentence interview which his attorney could attend. The court declined to decide whether to accept or reject the obstruction recommendation, and instead continued sentencing to allow a reinterview by the same probation officer with Rodriguez–Razo's attorney in attendance.

In conducting the reinterview, however, the probation officer apparently followed the teaching of Omar Khayyam:

The Moving Finger writes; and having writ,
Moves on; nor all your Piety nor Wit
Shall lure it back to cancel half a Line,
Nor all your Tears wash out a Word of it.

Edward FitzGerald, *The Rubaiyat of Omar Khayyam*, st. 71 (4th ed. 1879). She began the reinterview by announcing that she would not revise her original recom-

mendation regarding the two-level increase for obstruction of justice, despite anything Rodriguez–Razo or his attorney might say. Rodriguez–Razo's attorney then terminated the interview as "an exercise in futility."

At the subsequent sentencing hearing, the district court accepted the probation officer's recommendation for a two-level adjustment for obstruction of justice, increasing Rodriguez–Razo's base offense level of 20 to an offense level of 22. Yet the court rejected the probation officer's recommendation of a 78–month sentence, the highest sentence within the applicable range, and instead imposed a sentence of 63 months, the lowest sentence within that range.

### B

In *Herrera–Figueroa* we held "as an exercise of our supervisory power . . . , that probation officers must permit defendants to have their attorneys present at the presentence interview." 918 F.2d at 1433. The dispute in *Herrera–Figueroa,* like the dispute here, arose out of "a patchwork system" in the Southern District of California under which individual probation officers followed different policies with respect to defendants' requests to be accompanied by counsel at presentence interviews. *Id.* at 1434. Herrera–Figueroa's probation officer, like Rodriguez–Razo's, followed a policy of not permitting defense attorneys to accompany their clients in such interviews. *Id.* at 1432. We invalidated this practice, in view of the significant impact a defendant's conduct at a presentence interview may have on the length of the sentence ultimately imposed, an impact obvious in this case. *Id.* at 1434. Moreover, where a uniform policy concerning the presence of attorneys at presentence interviews is nonexistent, defendants are treated "unequally on a matter of great importance." *Id.* at 1437. In requiring probation officers uniformly to honor defendants' requests, we concluded that a refusal to honor a defendant's request for counsel at presentence interviews infringes on the "right to a fair and even-handed sentencing proceeding." *Id.* at 1434.

■ The government argues that *Herrera–Figueroa* is inapplicable in this case because it was decided after the obstruction of justice had occurred. Thus, the government reasons, to review Rodriguez–Razo's sentence under its requirements would involve an inappropriate retroactive application of *Herrera–Figueroa's* administrative requirement. No retroactive application is involved here, however, because *Herrera–Figueroa* became the law of this circuit before Rodriguez–Razo was sentenced. Our underlying concern in *Herrera–Figueroa* was the fairness and even-handedness of the sentencing proceeding. *Id.* Because the sentencing proceeding in this case was not yet complete, the district court wisely applied *Herrera–Figueroa's* salutary requirement of a reinterview with counsel in attendance.

■ The government also points to Rodriguez–Razo's failure to request his attorney's presence at the initial presentence interviews as support for its contention that *Herrera–Figueroa* is inapplicable: if no request was made, there was no request to be honored. We disagree. Rodriguez–Razo's failure to request his attorney's presence at these interviews is directly attributable to the probation officer's well-known practice of refusing such requests. Once *Herrera–Figueroa* put an end to this practice, Rodriguez–Razo formally requested that the court allow him a reinterview with his attorney in attendance. Under such circumstances—where the defendant's original failure to make the request was due to its known futility and where the defendant subsequently made a request before completion of the sentencing process— the district court was obliged to ensure that the sentencing process complied with *Herrera–Figueroa.*

■ Although the district court did grant Rodriguez–Razo's request for a reinterview accompanied by his attorney, the reinterview effectively denied him the kind of assistance of counsel *Herrera–Figueroa* envisions. One of the dangers with which we were specifically concerned in *Herrera–Figueroa* was realized in Rodriguez–Razo's case: "[c]asual, ill-considered or inaccurate

answers offered without a full understanding of the potential consequences[, which] may result in a substantial increase in the recommended period of incarceration." *Id.* at 1436. Requiring probation officers to permit defendants to be accompanied by their attorneys alleviates this danger. In this case, however, the manner in which the reinterview was conducted thwarted the requirement's salutary intent.

Rodriguez–Razo had disclosed his prior record to his defense counsel, who had in turn discussed his prior convictions with the prosecution. Kendall Aff., pp. 2, 4. Our review of the record satisfies us that, given this fact, the presence of Rodriguez–Razo's attorney at the original interviews would have resulted in full disclosure of his prior convictions to the probation officer as well. *See Herrera–Figueroa,* 918 F.2d at 1436 ("[A] defense attorney who knows how to obtain and read his client's FBI rap sheet will be able to assist the defendant in making a full disclosure of his criminal record, thereby avoiding a possible finding of obstruction of justice."). Allowing the attorney to be physically present without reconsidering the noncounselled interview thwarted *Herrera–Figueroa*'s concerns and policies.

The reinterview did not suffice to remedy the evils we targeted in *Herrera–Figueroa,* and this insufficiency infected the fairness and evenhandedness of the sentencing proceeding. The district court explicitly accepted the obstruction of justice recommendation of the probation officer, and thus enhanced the sentence based on conduct in interviews at which Rodriguez–Razo was denied meaningful legal counsel. Accordingly, we conclude that the district court erred in increasing Rodriguez–Razo's offense level based on such conduct.

### IV

Our analysis does not end here, for we must next address the effect of the error on our disposition of this case. The government argues that remand is inappropriate because the district court would have imposed the same sentence even without the upward adjustment for obstruction

of justice. Under 18 U.S.C. § 3742(f)(1), remand is unnecessary only if the district court's error was a harmless one in misapplying the Guidelines. *Williams v. United States,* —— U.S. at ——, 112 S.Ct. at 11.

Our initial inquiry therefore is whether the district court's error constituted a misapplication of the guidelines, which may or may not require a remand, or whether it was a violation of law, which always requires remand. *See* 18 U.S.C. § 3742(f)(1). Although the answer to this question is far from straightforward, we believe the error constituted a violation of law. As we determined above, the proceeding leading to enhancement of Rodriguez–Razo's sentence for obstruction of justice ran afoul of *Herrera–Figueroa.* The source of the enhancement error was thus a violation of circuit law, and we are compelled by the plain language of § 3742(f)(1) to remand. Yet even if we characterize the error as a misapplication of the Guidelines, *i.e.,* an improper increase in offense level for obstruction of justice resulting in an incorrect sentencing range, remand is nevertheless required because the error was not harmless.

In this case, the sentence the court imposed fell within the overlap between the correct and incorrect sentencing ranges: at the low end of the incorrect sentencing range of 63 to 78 months, and at the high end of the correct sentencing range of 51 to 63 months. The 63–month sentence, then, theoretically would have been proper under either resolution of the obstruction issue. We must thus look to the record, in particular the district court's sentencing remarks, to determine whether "the district court would have imposed the same sentence absent the erroneous factor." *Williams v. United States,* —— U.S. at ——, 112 S.Ct. at 1121.

At the final sentencing hearing, in response to the parties' arguments over the obstruction of justice enhancement, the district court stated:

I have great respect for [the probation officer] and her evaluation.... I also am somewhat sympathetic to [defense counsel's] position as far as the range

and the amount of time that's recommended by the probation office; so, ladies and gentlemen, I am going to do what I think is correct here.

....

.... I am of the view that the two-point upward adjustment, as set out by [the probation officer], should be given in this case....

However, I disagree with Probation's recommendation of 78 months; and I am going to go to the low end, the lowest end of that Guideline ... which is 63 months. Sixty-three months happens to be the high end of the Level 20 Guideline if I had given the defendant the credit that he seeks here for the two-level enhancement that he disputes.

....

.... I will uphold the lowest end of [the sentencing range recommended by the probation officer], which is 63 months, which is ... the high range of the level [sought by defense counsel]; so it pleases probably no one, but I think effects the best purposes, at least as far as my own internal analysis.

Sentencing Transcript, pp. 48–49.

In our prior cases we have construed such remarks as indicating harmless error. In *United States v. Turner*, 881 F.2d 684, 688–89 (9th Cir.), *cert. denied*, 493 U.S. 871, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989), we concluded that comments nearly identical to those quoted above indicated that "the trial judge would have pronounced the same sentence whether a dispute as to the appropriate guideline range was resolved in favor of the defendant or the government." We declined to address the sentencing dispute under such circumstances because any resolution on appeal would be "purely advisory." *Id. See also United States v. Cooper*, 912 F.2d 344, 348 (9th Cir.1990) (declining to review sentence where district court enhanced sentence for obstruction of justice but indicated sentence would be within Guidelines whether or not adjustment were made); *United States v. Munster–Ramirez*, 888 F.2d 1267, 1273 (9th Cir. 1989), *cert. denied*, 495 U.S. 920, 110 S.Ct. 1951, 109 L.Ed.2d 313 (1990) (declining to review dispute over acceptance of responsibility adjustment where district court noted "we end up with 33 months either way"); *cf. United States v. Skillman*, 922 F.2d 1370, 1379 (9th Cir.1990), *cert. dismissed*, —— U.S. ——, 112 S.Ct. 353, 116 L.Ed.2d 275 (1991) (remanding where incorrect finding of acceptance of responsibility was applied; mere fact that sentence falls into overlap between respective sentencing ranges urged by the parties does not indicate district court would have given same sentence).

We would be bound by this precedent to find harmless error here and construe the district court's remarks as indicating it would have imposed the same sentence regardless of its resolution of the obstruction issue, had not the Supreme Court recently clarified the harmless error standard for misapplications of the Guidelines. In *Williams v. United States*, the Court counselled that although the party challenging the sentence "bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, [that party] does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision." —— U.S. at ——, 112 S.Ct. at 1120. Rather, the burden is on the party defending the sentence to persuade the court of appeals that the record as a whole indicates "that the error did not affect the district court's selection of the sentence imposed." *Id.* Only if the government fulfills its burden in showing harmless error may we decline to remand to the district court.

This standard imposes a greater and more exacting burden on the government than did *Turner* and its progeny. No longer is it sufficient to point to remarks by the district court indicating that it considered the appropriateness of the sentence under either *range* urged by the parties, and that this factor figured into the court's choice of a specific sentence. Under *Williams*, the government, as the party defending the sentence, must now show that the error did not affect the district court's selection of a specific sentence; that is, that even without the error the district court would have

imposed the same sentence and not a lower sentence within the appropriate range. The government has not done so here.

Based on the record before us we cannot say that the obstruction enhancement did not affect the district court's choice of a 63–month sentence. Without the two-point adjustment, the appropriate sentencing range would have been 51 to 63 months. With the adjustment, the range was 63 to 78 months. The district court's statements indicate that it had considered the parties' dispute over the obstruction enhancement in choosing a sentence. Its statements, however, do not clearly indicate that it would not have chosen a lower sentence within the 51– to 63–month range, such as the 57–month sentence urged by the prosecutor, had it found no obstruction of justice. Under *Williams*, remand is therefore required.

### V

 Finally, 18 U.S.C. § 3742(f)(1) directs us to include in our remand such instructions as we deem appropriate. Accordingly, we must determine the proper procedures for resentencing Rodriguez–Razo in light of the *Herrera–Figueroa* error below. As we have discussed, the error below concerned the fairness and even-handedness of the sentencing proceeding as embodied in the presentence interview. Our remand is therefore properly directed toward remedying this precise phase of the sentencing process. We direct that Rodriguez–Razo be given a new presentence interview at which he may be accompanied by his attorney. This interview shall be conducted by a different probation officer, who shall prepare a new presentence report. To support its recommendations, this presentence report may neither refer to nor rely on Rodriguez–Razo's conduct in the initial interviews at which he was denied legal counsel. Similarly, in resentencing Rodriguez–Razo, the district court may not consider those portions of the original presentence report dealing with this previous conduct.

## CONCLUSION

The sentencing proceedings below violated the requirements of *Herrera–Figueroa*, and this error was not harmless. We therefore remand for a new presentence interview with a different probation officer, and for the preparation of a new presentence report based on that reinterview. The district court may not consider Rodriguez–Razo's conduct in the preliminary presentence interviews in determining whether an obstruction of justice adjustment is warranted.

VACATED and REMANDED.