974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lance Leonard NEVELL, Defendant-Appellant.
 No. 91-10594.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Sept. 2, 1992.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-90-00275-RMB; Richard M. Bilby, Chief District Judge, Presiding.
 D.Ariz.
 REMANDED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Lance Leonard Nevell entered a plea agreement with the government that limited his sentence to a maximum of 18 months and pled guilty to the offense of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(1)(B). Although the Sentencing Guidelines provided for a sentence of 4-10 months, the district court departed upward and sentenced Nevell to 18 months. The district court stated that the departure was based on (1) the inadequacy of Nevell's criminal history score, in part because the score did not reflect Nevell's long arrest record, and (2) Nevell's continued use of drugs after his indictment and arraignment. Nevell appeals this sentence.
 
 DISCUSSION
 
 3
 We first address the possibility that this case is moot. Although neither party raises this issue, we are obligated to resolve the question of our own jurisdiction to consider issues presented on appeal. See United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). Nevell appeals only his sentence and not the underlying conviction. However, due to the failure of Nevell's attorney to expedite this appeal, Nevell may have already served his full term of imprisonment.[1]
 
 
 4
 Nevertheless, this case is not moot even if Nevell has been released. Nevell must serve a three-year term of supervised release that begins to run upon his release from imprisonment. If we agree with Nevell's arguments and he receives a lesser sentence, the beginning date for this term of supervised release will have to be moved back to the date Nevell should have been released from prison. Thus, Nevell is entitled to an earlier release date from his term of supervised release if we agree with his arguments and his sentence is reduced on remand. Because our decision could affect Nevell's term of supervised release, this case is not moot. See United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc).
 
 
 5
 On the merits, the government concedes that the district cannot make an upward departure based on a long arrest record. See U.S.S.G. § 4A1.3 (Policy Statement) ("a prior arrest record itself shall not be considered under § 4A1.3"); United States v. Molina, 952 F.2d 514, 518 (D.C.Cir.1992). The government argues that, although the district court's consideration of the arrest record itself in departing upward is error, the error was harmless because the court also identified other factors which justify upward departure: "The Government does not dispute that a district court's reliance upon an invalid factor in departing from the guideline sentencing range is appropriately characterized as an 'incorrect application' of the Guidelines, but contends that a remand is only required when the error was determinative in the decision to depart." Government Brief at 11.
 
 
 6
 We agree that an error in applying the Guidelines must be determinative before a remand is required. Our review and remand of a Guideline sentence is inappropriate unless it is "imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines...." 18 U.S.C. 3742(f)(1); see also Williams v. United States, 112 S.Ct. 1112, 1120 (1992). However, the analysis does not end here.
 
 
 7
 The government does identify other factors that could justify the district court's upward departure, but it does not show that the district court would have made the same departure without any reliance on the invalid factor.
 
 
 8
 [A]lthough [Nevell] bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, [Nevell] does not bear the burden of proving that the invalid factor was determinative in the sentencing decision. Rather, once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.
 
 
 9
 Williams, 112 S.Ct. at 1120-21 (citation omitted). The court of appeals is not entitled to speculate as to whether the district court will impose the same sentence in the absence of the invalid factor; a remand is required unless "the government fulfills its burden in showing harmless error." United States v. Rodriguez-Razo, 962 F.2d 1418, 1424 (9th Cir.1992). Williams and Rodriguez-Razo make it clear that "the government, as the party defending the sentence, must now show that the error did not affect the district court's selection of a specific sentence," id., and the government cannot shift this burden to Nevell.
 
 
 10
 Although the district court may impose the same sentence on remand, the government has not met its burden in this case. The government failed to show that the district court would have made the same upward departure even if it had not considered the invalid factor of Nevell's lengthy arrest record. Therefore, we must remand this case to the district court for resentencing. On remand, the district court should also explain the nature and the extent of its departure according to the requirements of Lira-Barraza, 941 F.2d at 746-51.
 
 
 11
 REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nevell's custodial sentence completion date is September 10, 1992, and he may have already been released from confinement