981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph ANDA, Defendant-Appellant.
 No. 92-50068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1992.*
Decided Dec. 23, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Anda appeals pro se his conviction and sentence imposed following jury trial for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 3
 Anda contends the district court erred by denying his pre-trial motions to: (1) suppress statements obtained in violation of his Fifth Amendment right against self-incrimination; (2) suppress evidence obtained in violation of his Fourth Amendment right to be free from unreasonable search and seizure; (3) conduct limited jury voir dire and submit a venire questionnaire; and (4) exclude all undercover tape recordings and transcripts of tape recordings or, in the alternative, permit submission of defense transcripts. Anda also contends the district court erred by: (1) limiting cross-examination of a key government witness; (2) admitting hearsay testimony; (3) adjusting upward his offense level under the United States Sentencing Guidelines based on his aggravating role in the offense; (4) denying him a downward departure from the applicable Guidelines sentencing range; and (5) punishing him for exercising his right to trial. These contentions lack merit.
 
 
 4
 The district court did not err by admitting Anda's post-arrest statements because these statements were the result of an exercise of Anda's rational intellect and free will. See United States v. Kelley, 953 F.2d 562, 565-66 (9th Cir.1992). The district court did not err by denying the motion to suppress evidence discovered at a stash apartment because the warrantless search of the apartment was based upon probable cause and exigent circumstances existed justifying the entry. See United States v. Lai, 944 F.2d 1434, 1443 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992); United States v. Lindsey, 877 F.2d 777, 780-82 (9th Cir.1989). The district court did not abuse its discretion by denying the motion to conduct voir dire and submit a jury questionnaire because the voir dire conducted by the district court was sufficient to reveal the prejudices of prospective jurors. See United States v. Boise, 916 F.2d 497, 504-05 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). The district court did not abuse its discretion by admitting only those tapes into evidence which were sufficiently audible to be understood by the jury. See United States v. Hughes, 895 F.2d 1135, 1147 n. 22 (6th Cir.1990).
 
 
 5
 The district court did not abuse its discretion by limiting cross-examination of a key government witness because Anda's cross-examination was prejudicial to himself and unduly repetitive. See United States v. Torres, 937 F.2d 1469, 1473 (9th Cir.1991), cert. denied, 112 S.Ct. 886 (1992); Harries v. United States, 350 F.2d 231, 236 (9th Cir.1965). Assuming, arguendo, that the district court did abuse its discretion by admitting hearsay statements testified to by a key government witness, such admission was harmless beyond a reasonable doubt where the overwhelming evidence, even in the absence of the hearsay testimony, established that Anda was guilty of the offenses of conviction. See United States v. Magana-Olvera, 917 F.2d 401, 409 (9th Cir.1990).
 
 
 6
 Any error by the district court in determining whether Anda was an organizer or manager in the offenses of conviction was harmless because the district court stated that it would have imposed the same sentence on Anda even if he were not an organizer or manager. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1424 (9th Cir.1992). This court has no jurisdiction to review the district court's discretionary decision not to depart downward from the applicable Guidelines sentencing range. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). The district court did not punish Anda for exercising his right to trial when it sentenced him to the bottom end of the applicable Guidelines sentencing range. See United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990).
 
 
 7
 The only troublesome issue in the case is raised not by the appellant acting pro se but by counsel who, over appellant's objection, has lodged a brief in this court contending that the district court erred in allowing appellant to proceed pro se. Appellant is a law school graduate and an unsuccessful applicant to the California State Bar. Appellant expressed dissatisfaction with his counsel on the day of trial, and when his request for appointment of new counsel was denied, he elected to proceed pro se. He was given a continuance to prepare for trial and was warned of the disadvantages of representing himself. Throughout the course of this appeal he himself has steadfastly refused to raise any contention that he should have been provided counsel at the trial. He has resisted the efforts of his counsel to present such an argument. Under these circumstances we must hold that his waiver of the right to counsel was knowing and intelligent within the meaning of Faretta v. California, 422 U.S. 806, 835 (1975); see also United States v. Robinson, 913 F.2d 712, 714-15 (9th Cir.1990), cert. denied, 111 S.Ct. 1006 (1991). Nor can we hold that the district court erred in failing to conduct a further inquiry into the nature of his dissatisfaction with his representation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3