983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie Lynn CAGE, Defendant-Appellant.
 No. 92-10148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1992.*
Decided Jan. 5, 1993.
 
 Before NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In the midst of an altercation, defendant Frankie Lynn Cage shot a man with an unlicensed firearm. Cage was indicted on three counts. He was acquitted on one charge of assault with a dangerous weapon, and the jury was hung on a charge of assault resulting in serious bodily injury. He pleaded guilty to carrying and possessing a firearm without a license. The crime is defined at Haw.Rev.Stat. § 134-6(d) (1992) and incorporated as a federal crime by 18 U.S.C. § 13(a) (1992).
 
 
 3
 The district court determined the applicable guideline range for the offense to be 46-57 months. He then departed downward by four levels based on the victim's conduct, giving a new range of 30-37 months. Cage was sentenced to 30 months in prison. Had the district court chosen not to apply the guidelines, the judge had the authority to impose an indeterminate sentence up to 10 years. 18 U.S.C. § 13 (1992); Haw.Rev.Stat. § 706-660 (1992).
 
 
 4
 Cage challenges his sentence, arguing the district court erred in applying United States Sentencing Guidelines (U.S.S.G.) § 2X5.1 because it is vague both on its face and as applied. We need not address these arguments in view of United States v. Turner, 881 F.2d 684 (9th Cir.), cert. denied, 493 U.S. 871 (1989). In Turner, we declined to address a sentencing issue "in a situation where the trial judge would have pronounced the same sentence whether a dispute as to the appropriate guideline range was resolved in favor of the defendant or the government." Id. at 688. To do otherwise would be equivalent to rendering an advisory opinion. Id. at 689. See also United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990); United States v. Munster-Ramirez, 888 F.2d 1267, 1273 (9th Cir.1989), cert. denied, 495 U.S. 920 (1990).
 
 
 5
 We recognize that these cases were distinguished in United States v. Rodriguez-Razo, 962 F.2d 1418 (9th Cir.1992). In that case we emphasized that "the burden is on the party defending the sentence" to show that the "error did not affect the district court's selection of the sentence imposed." Id. at 1424, citing Williams v. United States, 112 S.Ct. 1112, 1120 (1992). We added that "no longer is it sufficient to point to remarks by the district court indicating that it considered the appropriateness of the sentence under either range urged by the parties, and that this factor figured into the court's choice of a specific sentence. Under Williams, the government, as the party defending the sentence, must now show that the error did not affect the district court's selection of a specific sentence." Id. Here, it is clear that "the error did not affect the district court's selection of a specific sentence," since the district court, in denying the defendant's motion to continue bail pending appeal, stated that "the defendant would again be sentenced to thirty months in prison, even if the sentencing guidelines were found to be inapplicable to this case."
 
 
 6
 In the alternative, Cage objects that even if U.S.S.G. § 2X5.1 is constitutional, the district court erred in analogizing the offense to U.S.S.G. §§ 2K2.1 and 2X1.1(a).
 
 
 7
 Cage's quarrel with the application of the guidelines essentially boils down to the latter claim. He does not argue that another guideline better captures the nature of his conduct than U.S.S.G. § 2K2.1. Indeed, U.S.S.G. § 2K2.1 mirrors Cage's state-defined offense very closely: he pleaded guilty to carrying and possessing a loaded firearm without a license, and the guidelines is titled "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." Instead, Cage emphasizes that U.S.S.G. § 2K2.1(c)(A) should not have been applied[1] because Cage was not convicted of "the commission or attempted commission of another offense."
 
 
 8
 We addressed this exact issue in United States v. Humphries, 961 F.2d 1421 (9th Cir.1992). In that case, as here, the district court referred to U.S.S.G. § 2K2.1, which referred to U.S.S.G. § 2X1.1, which in turn referred to the offense of aggravated assault. Id. at 1422. We approved the application of U.S.S.G. § 2K2.1(c) even when the defendant had not been "convicted of the conduct constituting the other offense." Id. While we are aware that the amendments to the Sentencing Guidelines which became effective in November 1991 changed the structure of U.S.S.G. § 2K2.1(c) as applied in Humphries, we note that the relevant language has not changed. See U.S.S.G. Appendix C amendment 374 (1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 1 U.S.S.G. § 2K2.1(c)(A) instructs the judge to look to U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy) if the firearm was "used or possessed ... in connection with the commission or attempted commission of another offense." Under U.S.S.G. § 2X1.1, the judge is instructed that the base offense level is to be that of the substantive offense. Here the district court referred to U.S.S.G. § 2A2.2 (Aggravated Assault), which has a base offense level of 15. Although Cage points out that U.S.S.G. § 2X1.1(a) provides that "any adjustments from [the guidelines for the substantive offense] for any intended offense conduct" must "be established with reasonable certainty," no such adjustments were made here.