990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward VERSEY, Defendant-Appellant.
 No. 91-50801.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Edward Versey appeals his sentence imposed following entry of a guilty plea to five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Versey contends that the government violated his plea agreement when it argued for an upward adjustment in his offense level under the Sentencing Guidelines for his use a knife during one of the charged robberies. He also contends that the district court (1) improperly relied on several uncharged robberies and his use of the knife to justify an upward departure from the applicable Guidelines sentencing range, and (2) failed to provide adequate reasons in support of the extent of the departure. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.
 
 
 3
 * Breach of the Plea Agreement
 
 
 4
 Absent certain narrow exceptions, a defendant must raise the issue of an alleged breach of a plea agreement in district court in order to preserve the issue on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Versey never raised the issue of an alleged breach of the plea agreement in the district court, nor does this case fall within one of the narrow exceptions to waiver. See id. Accordingly, the issue is waived. See id.
 
 II
 Upward Departure
 
 5
 Versey contends that the district court improperly departed upward on the basis of six uncharged robberies and his use of a knife during one of the charged robberies. We hold that while the district court properly relied on the uncharged robberies, it improperly considered the presence of the knife in departing upward.
 
 
 6
 We review de novo whether the district court had legal authority to depart. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). We review for clear error the district court's factual findings supporting the existence of the circumstance justifying departure. Id. The reasonableness of the extent of departure is reviewed for an abuse of discretion. Id. at 750.
 
 
 7
 U.S.S.G. § 1B1.4 provides that when departing from the Guidelines, a district court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." In general, where a defendant pleads guilty in exchange for a government promise not to prosecute uncharged conduct, the uncharged conduct may not justify upward departure because departure on this basis would be "patently unfair" and "undermine the integrity of the plea bargaining system." United States v. Faulkner, 952 F.2d 1066, 1069-70 (9th Cir.1991); see also United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1990) (as applied to counts dismissed pursuant to a plea agreement).
 
 
 8
 Here, pursuant to a negotiated plea agreement, the government promised not to prosecute Versey for six uncharged robberies. Versey agreed in return that the district court could, in its discretion, consider the six uncharged robberies when determining whether upward departure was warranted.[1]
 
 
 9
 Because the plea bargain allowed for consideration of the six uncharged robberies in an upward departure, this case is distinguishable from Faulkner. Versey was not deprived of the benefit of his bargain. But see Faulkner, 952 F.2d at 1069-70. Accordingly, it would not be "patently unfair" to hold him to the terms of the agreement. See id. at 1070.
 
 
 10
 Accordingly, the six uncharged robberies were relevant conduct, and the district court properly relied on the conduct in departing upward. See U.S.S.G. § 1B1.4; see also United States v. Loveday, 922 F.2d 1411, 1417 (9th Cir.1991) (upholding upward departure based on conduct in dismissed counts if conduct is relevant to the offense of conviction). Further, because Versey did not contest at sentencing his participation in the uncharged robberies, we discern no clear error in the factual finding that these robberies occurred. See Lira-Barraza, 941 F.2d at 746.
 
 
 11
 The district court's reliance, however, on Versey's use of a knife during one of the charged robberies was improper. Factors considered as enhancements by the Guidelines may not also serve as a basis for departure. Faulkner, 952 F.2d at 1073 (use of toy gun as a dangerous weapon not a proper basis for upward departure). Because Versey's brandishing of the knife during one of the robberies was the basis for a three-level upward adjustment of his offense level pursuant to section 2B3.1(b)(2)(E), the district court erred by relying on this factor for purposes of departure. See id.
 
 
 12
 Even where the district court erroneously relied on an improper factor when departing upward, we nonetheless will affirm the departure so long as the factor properly relied upon is "sufficient to justify the magnitude of the departure." Williams v. United States, 112 S.Ct. 1112, 1121 (1992); see also United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992). In order to determine the reasonableness of a departure, we require a "reasoned explanation of the extent of departure founded on the structure, standards and policies of the [Sentencing Reform] Act and Guidelines." Lira-Barraza, 941 F.2d at 751. Here, however, we are unable to determine whether the upward departure was reasonable on the basis of the uncharged robberies alone because the district court failed to provide a statement of reasons explaining the extent of its upward departure from an adjusted offense level of 27 to an analogous offense level of 30.
 
 
 13
 Accordingly, we vacate and remand for resentencing. We request that the district court provide a statement of reasons for the extent of any departure it may grant.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement provided that:
 [Versey] agrees to stipulate that the Court may, in its discretion, consider the six additional robberies ... for the following sentencing purposes: to determine whether an upward departure is warranted or to determine where [Versey] should be sentenced within the applicable guideline range. Mr. Versey, however, reserves his right to argue that the Court not consider the six additional robberies in determining the appropriate sentence.