990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. WILSON, Defendant-Appellant.
 No. 92-30363.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 MEMORANDUM**
 Michael L. Wilson appeals his sentence, imposed under the United States Sentencing Guidelines, following his plea of guilty to passing counterfeit U.S. obligations in violation of 18 U.S.C. § 472. Wilson claims the district court erred by increasing his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 1
 The question whether a defendant's conduct amounts to an obstruction of justice involves an interpretation of the Guidelines which we review de novo. United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992). The adjustment is appropriate when a defendant "provid[es] materially false information to a judge or magistrate" or "to a probation officer in respect to a presentence report or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n. 3(f) and (g)). We have expressly rejected a defendant's argument that false testimony does not constitute obstruction where the government can consult official records for the truth. United States v. Gonzalez-Mares, 752 F.2d 1485, 1491-92 (9th Cir.), cert. denied, 473 U.S. 913 (1985) (upholding conviction for obstruction under 18 U.S.C. § 1503). "Requiring the probation officer to complete a thorough check on the defendant defeats the speed and convenience of the oral presentence report system...." Id. at 1492. Moreover, we have held "material" a defendant's failure to disclose prior convictions sustained under another name. Rodriguez-Razo, 962 F.2d at 1421. "A misstatement concerning prior convictions made at a presentence interview affects the length of sentence, which is the issue under determination." Id. (citation omitted).
 
 
 2
 Here, Wilson identified himself as "Oscar Wilson" when he was arrested, although police found a "Notice of Case Setting" for Michael L. Wilson in his truck. Later, to the pretrial services officer and the Magistrate Judge, Wilson said his name was "Oscar William Wilson." A fingerprint check identified him positively as Michael Lloyd Wilson. His criminal history score was computed at 13.
 
 
 3
 Wilson argues that his use of a false name could not support the increase in his sentence because it was not "capable of influencing the investigation or prosecution of the case." We disagree. Wilson's lie could have affected his bail status or prevented disclosure of his criminal record, thus securing him a shorter sentence. See Rodriguez-Razo, 962 F.2d at 1421. Although authorities ultimately discovered Wilson's true name and history, the district court's finding of obstruction was appropriate.[1] See Gonzalez-Mares, 752 F.2d at 1492.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wilson also claims the district court was bound to explain its failure to apply U.S.S.G. § 3C1.1, comment. (n. 4), which precludes application of the enhancement to a defendant who merely misstates his name at arrest. To support this claim, he cites United States v. Ward, 914 F.2d 1340 (9th Cir.1990). We note, first, that Ward is inapposite because that case concerned a district court's failure to justify an upward departure. Second, we note that Wilson persisted in misidentifying himself long after his arrest. Thus, he disqualified himself from "the exclusion found in Application Note 4."