995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert SIMS, Defendant-Appellant.
 No. 92-50696.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 MEMORANDUM**
 Robert Sims appeals his 21-month sentence after a guilty plea to theft of government property in violation of 18 U.S.C. § 641. Sims contends that the district court erred by increasing his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 We review de novo whether a defendant's conduct constitutes an obstruction of justice within the meaning of section 3C1.1. United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993).
 
 
 1
 The Guidelines allow a two-level upward adjustment "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Providing materially false information to a pretrial services officer may provide a basis for the adjustment. United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993) (failing to disclose prior arrests and convictions); United States v. Rodriguez-Razo, 962 F.2d 1418, 1421 (9th Cir.1992) (prior convictions). A material statement is a "statement ... that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n. 5).
 
 
 2
 Here, Sims informed a pretrial services officer that he had only one prior arrest, although he had two juvenile adjudications, two misdemeanor convictions, and one felony conviction. Additionally, Sims provided a false date of birth. Based upon Sims' misrepresentations, the district court found that he obstructed justice by "imped[ing] the operation of the probation department [and] ... probably secur[ing] a release on the bond that he wouldn't be entitled to."
 
 
 3
 Sims contends that his misrepresentations were an inappropriate basis for the adjustment because there is no indication that the probation officer relied on the contents of the pretrial services report in investigating the offense or computing the sentence. Sims also contends that adjustment was inappropriate because the district court's observation regarding his release on bond was "only speculation." These contentions are meritless.
 
 
 4
 Sims' deliberate misrepresentations to the pretrial services officer, if believed, had the potential to affect either his bail status or disclosure of his true criminal record, and therefore were material. See Donine, 985 F.2d at 465; Rodriguez-Razo, 962 F.2d at 1421. Because the Sims' statements were material, it is irrelevant whether the probation officer actually relied on the pretrial services report. See Donine, 985 F.2d at 465.
 
 
 5
 Sims invites this panel to reconsider Donine. We decline his invitation, however, because a three-judge panel lacks the authority to overturn a prior decision of this court. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). We further decline to consider Sims' argument, raised for the first time in his reply brief, regarding the adequacy of the district court's factual findings for the obstruction of justice. See United States v. Puerta, 982 F.2d 1297, 1300 n. 1 (9th Cir.1992).
 
 
 6
 Accordingly, the district court did not err by finding that Sims obstructed justice.[1] See Donine, 985 F.2d at 465.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sims also contends that his misrepresentations did not constitute obstruction of justice within the meaning of section 3C1.1, comment. (n. 4(a)). By its terms, Note 4(a) precludes enhancement if the defendant merely provides a false name or identification document at arrest which does not significantly hinder the investigation or prosecution. U.S.S.G. § 3C1.1, comment. (n. 4(a)). Here, in addition to providing a false date of birth, Sims made material misrepresentations about his prior arrests and convictions. Thus, Sims' reliance on the commentary is misplaced