5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus ISAIS-REYES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon E. HIGUERA, Defendant-Appellant.
 Nos. 93-30029, 93-30030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Oregon, Nos. CR-92-198-HJF, CR-92-198-02-HJF; Helen J. Frye, District Judge, Presiding.
 D.Or.,
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion appeals, codefendants Jesus Isais-Reyes and Ramon E. Higuera appeal their sentences under the United States Sentencing Guidelines imposed after they pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Appellants contend that the district court erred by declining to rule on whether they are entitled to a two- or a three-level downward adjustment to their base offense levels for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992). The sentencing court must apply the adjustment for acceptance of responsibility that is appropriate, see U.S.S.G. Sec. 1B1.1(e), and should clearly resolve all disputed matters, United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). If we determine that a sentence was imposed as a result of an incorrect application of the Guidelines, we must remand for resentencing, unless the government has shown "that even without the error the district court would have imposed the same sentence and not a lower sentence within the appropriate range." Rodriguez-Razo, 962 F.2d at 1424-25 (citing Williams v. United States, 112 S.Ct. 1112, 1120 (1992) (remand required pursuant to 18 U.S.C. Sec. 3742(f)(1) if sentence was imposed as a result of incorrect application of the Guidelines, unless the error was harmless)).
 
 
 4
 Here, the district court granted Isais-Reyes and Higuera a two-level adjustment for acceptance of responsibility, but declined to rule on whether they were entitled to an additional one-level adjustment for early acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b)(2).[1] In each case it imposed a sentence within the overlapping ranges, that is, within the applicable sentencing range whether the offense level is adjusted by two levels or by three. Isais-Reyes' sentencing range was 51-63 months with a two-point reduction, or 46-57 months with a three-point reduction; the district court sentenced him to 51 months. Higuera's range was 41-51 months with a two-point reduction, or 37-46 months with a three-point reduction; the district court imposed a sentence of 41 months. The district court stated that it had decided that those were appropriate sentences, and that because those sentences fell within the applicable range in either case, it was unnecessary to resolve whether a two- or three-point reduction for acceptance of responsibility was warranted. Although the district court should have resolved the issue of the appropriate adjustment for acceptance of responsibility, see U.S.S.G. Sec. 1B1. (e), its statements on the record indicate that it would have imposed the same sentences regardless of how it resolved that issue. Thus, remand is not required. See Rodriguez, 962 F.2d at 1424-25.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Effective November 1, 1992, the Guidelines provide for a three-level reduction for early acceptance of responsibility where a defendant's offense level prior to any adjustment for acceptance of responsibility is greater than 16, and the defendant assists authorities in investigation or prosecution of the offense either by (1) timely providing complete information about his own involvement in the offense, or (2) notifying authorities of his intention to enter a guilty plea in time to permit the government to avoid preparing for trial. U.S.S.G. Sec. 3E1.1(b)(1) and (b)(2)