97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Espinoza PEREZ, Defendant-Appellant.
 No. 96-35090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Espinoza Perez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 57-month sentence for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Perez contends that: (1) the district court erred by using an incorrect version of the Sentencing Guidelines to determine his sentence and by failing to give him a three-level adjustment for acceptance of responsibility; (2) his counsel was ineffective for failing to object to the district court's use of incorrect Guidelines; (3) his counsel was ineffective for failing to seek a three-level adjustment for acceptance of responsibility; and (4) the government breached its plea agreement. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of a section 2255 motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Perez was originally sentenced on April 26, 1993. At the sentencing hearing, the district court stated that even if it granted Perez the third point for acceptance of responsibility, it would sentence Perez to 57 months. Perez appealed his sentence and this court vacated and remanded for the district court to make express factual findings regarding relevant conduct. On September 7, 1994, the district court made its factual findings and reaffirmed Perez's original 57-month sentence.
 
 
 4
 Perez contends that the district court erred by using the 1992 rather than the 1993 Sentencing Guidelines, and that under the 1993 Guidelines, he would have received a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.
 
 
 5
 At the time Perez was originally sentenced, the 1993 version of the Guidelines did not exist. Therefore, to the extent Perez contends that the district court should have used the 1993 Guidelines when it originally sentenced him, Perez's claim is without merit.
 
 
 6
 We also reject Perez's claim as it pertains to the district court's reimposition of his original sentence following this court's remand. There is no discernible difference between the 1992 and 1993 versions of U.S.S.G. § 3E1.1. Moreover, the district court stated that even if it granted Perez the third point for acceptance of responsibility, it would sentence Perez to 57 months. Therefore, any error resulting from the district court's use of the 1992 rather than the 1993 Guidelines at the time of resentencing was harmless. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992) (stating that if misapplication of Sentencing Guidelines does not affect district court's choice of sentence imposed, error is harmless).
 
 
 7
 Perez contends that his attorney provided ineffective assistance by failing to object to the district court's use of the 1992 rather than the 1993 version of the Guidelines both when he was originally sentenced and upon resentencing.
 
 
 8
 A claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 9
 Based on the reasons discussed above, Perez was not prejudiced by his counsel's failure to object to the district court's use of the 1992 Guidelines, and his ineffective assistance claim fails. See id.
 
 
 10
 Perez contends that his attorney was ineffective for failing to seek a three-level adjustment for acceptance of responsibility, rather than a two-level adjustment. The record indicates, however, that Perez's counsel did indeed seek a three-level adjustment for acceptance of responsibility. Moreover, the district court stated that even with the three-level adjustment, Perez would receive a 57-month sentence. Therefore, Perez's claim that his counsel was ineffective for failing to do so is without merit. See id. at 687.
 
 
 11
 Perez contends that the government breached its plea agreement by failing to request that the district court sentence Perez to the low end of the applicable Guideline range. Because Perez did not raise this contention in his section 2255 motion, we will not consider it on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 12
 Accordingly, we affirm the district court's decision.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Perez's motion under the former version of 28 U.S.C. § 2255, we do not address whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal