**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto CENICEROS–VEGA,**
**Defendant—Appellant.**

No. 04–10059.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Michael Thomas Morrissey, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy L. Hinchcliffe, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Gilberto Ceniceros–Vega appeals his guilty-plea conviction and 60–month sen-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

844

tence for possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ceniceros–Vega's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. Ceniceros–Vega has filed a pro se supplemental brief. The government did not file a brief.

Ceniceros–Vega contends that his guilty-plea was involuntary because counsel misadvised him about his likely sentence. Because Ceniceros–Vega received all the advisements required under Rule 11 of the Federal Rules of Criminal Procedure, however, his plea was voluntary. *See United States v. Turner,* 881 F.2d 684, 686–87 (9th Cir.1989) (stating that counsel's erroneous estimate of the applicable Sentencing Guideline range did not violate Rule 11 and thereby render the plea involuntary), *overruled on other grounds by United States v. Rodriguez–Razo,* 962 F.2d 1418, 1424 (9th Cir.1992).

Ceniceros–Vega also contends that in misadvising him about sentencing counsel rendered ineffective assistance. Because "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255[,]" we decline to address this contention on direct appeal. *See United States v. Pirro* 104 F.3d 297, 299 (9th Cir.1997).

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED**.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.