Lawrence Clarence **LEWIS,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 78–2775.

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 1979.

<hr>

Robert W. Ripley, Jr., Ripley, Sideman & Meyer, San Diego, Cal., for petitioner-appellant.

Barbara F. Brown, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., San Diego, Cal., for respondent-appellee.

Before BROWNING, BARNES and ELY, Circuit Judges.

PER CURIAM:

In 1974, Lewis and codefendant Deshotel pleaded guilty to conspiracy to import heroin. Lewis was sentenced to ten years imprisonment, later reduced to seven, and a special parole term for life.

In 1977, Lewis moved to vacate his sentence under 28 U.S.C. § 2255, alleging that the district court failed to advise him that the special parole term was mandatory and could be imposed for life. The district court denied the petition without a hearing.

The record of the hearing shows that the trial court advised Lewis as follows:

THE COURT: And also there is a minimum parole term, special parole term, of at least three years, and I suppose conceivably, up to life, the maximum. So the court can impose upon you a special parole term of not less than three years nor more than a life special parole, meaning that you would be on parole and would go back if you violated for whatever number of years. Do you follow me?

LEWIS: Yes.

Before accepting Lewis's guilty plea, the court advised codefendant Deshotel that hers was the "same situation" as Lewis's:

THE COURT: Okay. Now, as far as you are concerned, Miss Deshotel, its the same situation. If you are sentenced to prison the court will impose a special parole term. Even if you are sentenced to prison and maybe it is suspended or something like that, there will be a special parole term imposed upon you of not less than three years . . .

On appeal, Lewis argues the court's remarks were ambiguous because use of the word "can" indicated that the special parole term was not mandatory, and use of the word "conceivably" discounted the possibility of a special parole term of "life."

In *United States v. Del Prete*, 567 F.2d 928 (9th Cir. 1978), we held that the trial court's explanation that a drug charge "triggered a three year special parole term which *may* be imposed" (emphasis added) was insufficient to inform the accused that the special parole term was mandatory. *Id.* at 929. In the present case, however, the word "can" was obviously used to express the existence of the court's power to impose any term of special parole ranging from the mandatory three-year minimum to the maximum possibility of life. Moreover, if ambiguity existed, it was removed by the court's subsequent remark that both defendants were in "the same situation," in that if sentenced to a prison term "the court *will* impose a special parole term" (emphases added.)

The court's use of the word "conceivably" in referring to the possibility that a life special parole term might be imposed provides no ground for relief. Rule 11 does not require that the court inform the defendant of the probability of his receiving one sentence or another. Indeed, it is improper to do so. *Hinds v. United States*, 429 F.2d 1322 (9th Cir. 1970). The rule only requires that the defendant understand the range of possible sentences and penalties. *Johnson v. United States*, 539 F.2d 1241 (9th Cir. 1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 228 (1977).

■ Because the record conclusively established that Lewis was sufficiently apprised of both the minimum and maximum mandatory parole terms, it was proper for the district court to deny the section 2255 motion without an evidentiary hearing. *See Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

AFFIRMED.