**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Gene TURNER,
Defendant–Appellant.**

No. 88–5143.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 1989 *.

Decided Aug. 1, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

H. Dean Steward, Federal Public Defenders, Santa Ana, Cal., for defendant-appellant.

Steven E. Zipperstein, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

ALARCON, Circuit Judge:

Larry Gene Turner appeals from the judgment entered after he pled guilty on February 11, 1988, to one count of a two-count indictment charging him with bank robbery under 18 U.S.C. § 2113(a). Turner was sentenced under the Sentencing Guidelines. Turner had an offense level of 17 and a criminal history category of VI, resulting in a guideline sentencing range of 51 to 63 months. The district court sentenced Turner to 57 months in custody. On appeal Turner seeks resentencing on the ground that (1) he should have been informed of his criminal history category under the Sentencing Guidelines prior to the entry of his guilty plea, and (2) the district court misapplied the guidelines by including two separate misdemeanors in the calculation of Turner's criminal history category. We affirm.

I.

## DISCUSSION

### A. *Guilty Plea*

■ Turner contends that because "the applicable Sentencing Guidelines and factors used to arrive at those Guidelines" are a direct consequence of a guilty plea, the record must show that he was aware of them prior to entry of his plea. Turner contends that the failure of the court to inform him of the applicable offense level and criminal history category renders his guilty plea involuntary under Federal Rule of Criminal Procedure 11. We review independently and non-deferentially a claim that a guilty plea was involuntary. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986).

Federal Rule of Criminal Procedure 11 provides in pertinent part:

(c) **Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and

the maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and ...

**(d) Insuring that the Plea is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.

The record indicates that Turner was informed and aware that the maximum penalty for bank robbery was twenty years. The government did not make any promises or representations regarding a sentencing recommendation. The plea agreement provided that Turner would plead guilty to one count of bank robbery and in return the government at sentencing would move to dismiss the second count of bank robbery. No other promises were made to Turner. The district court determined that the plea was voluntary.

■ Turner contends that, because the Sentencing Guidelines are "highly restrictive, if not controlling," instructing a defendant of the maximum sentence provided by statute is not enough to comply with Federal Rule of Criminal Procedure 11. We disagree. In those cases where we have found a constitutional violation or a violation of Federal Rule of Criminal Procedure 11, the maximum period of time a defendant's liberty was restrained exceeded the maximum period he was told was applicable. *See Carter v. McCarthy,* 806 F.2d 1373, 1376 (9th Cir.1986) (constitutional error occurred where defendant was not informed of a mandatory parole term, which had to be served in addition to the term of confinement imposed), *cert. denied,* 484

U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987); *accord Bunker v. Wise,* 550 F.2d 1155, 1158 (9th Cir.1977).

Under the Sentencing Guidelines, although various factors will increase or "enhance" the range of a particular defendant's sentence, the maximum sentence in all cases will never exceed the maximum provided by statute. Sentencing Guidelines § 5G1.1 Commentary. Moreover, the mandatory minimum sentence provided by a particular statute must be pronounced even if the defendant falls under a lower sentencing range under the Sentencing Guidelines. *Id.*

■ In the instant matter, defense counsel thought Turner had only four prior misdemeanors based on the FBI "rapsheet." Thus, defense counsel believed that Turner would be in a criminal history category of IV. When the presentence report came back, it showed that Turner had ten prior misdemeanors resulting in a criminal history category of VI. Therefore, instead of a Sentencing Guideline range of 37 to 46 months (offense level 17, criminal history category IV), the applicable sentencing range was 51 to 63 months (offense level 17, criminal history category VI). The fact that the applicable Sentencing Guideline range was higher than defense counsel estimated, however, does not demonstrate a violation of Federal Rule of Criminal Procedure 11. As we stated in *Johnson v. United States,* 539 F.2d 1241, 1243 (9th Cir.), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 228 (1976):

A guilty plea invariably is made without complete foresight of the possible outcome of alternative procedures that might have been undertaken. Thus, an accused, with the assistance of his attorney, must examine the evidence which the Government has amassed against him, consider possible defenses, weigh the costs and benefits of proceeding to trial and ultimately decide, in light of the information then available, whether to enter a guilty plea. *There is no guarantee that the accused will make the correct decision or that in hindsight such plea will not reflect an error in fact or*

*judgment. Such uncertainty, which after all is the linchpin of every plea bargain, is inherent in a guilty plea and does not make the plea involuntary.*

(citation omitted) (emphasis added); *see also United States v. Henderson*, 565 F.2d 1119, 1121 (9th Cir.1977) (disappointed hope for leniency, without more, does not render a guilty plea invalid), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

The district court fully advised Turner, prior to accepting his plea, that the Sentencing Guidelines would apply. Turner was also informed by the court that a sentence under the Sentencing Guidelines could be based on factors not known at the time the plea was entered. The colloquy was as follows:

> The Court: All right. Now. In addition there are certain guidelines now in effect which cover, possibly cover your case. Have you talked those over with your lawyer?
>
> The Defendant: Yes, sir.
>
> The Court: All right. Now, you understand that how those guidelines apply to your case depend on factors which we don't know yet. Your lawyer may not know, and I may not know. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: So, if your lawyer has made you a prediction based on the guidelines, that prediction may be off for a couple of reasons, because the factors may be a little different than you thought, do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand also that I can depart from the guidelines in certain cases. I can go above them or below them ...
>
> The Defendant: Yes, sir.
>
> The Court: ... in certain situations. You understand that?
>
> The Defendant: Yes, sir.
>
> The Court: What this leads up to is this. That if the prediction made you, if you made one, or if you have a number in mind, if that's off, if that's wrong, and I have another number in mind when it comes down to sentencing, you aren't going to be able to withdraw your plea. You understand that?
>
> The Defendant: Yes, sir.

Turner was advised of the maximum penalty for bank robbery and was advised of the implications of sentencing under the Sentencing Guidelines. Under these circumstances, we conclude that Turner's guilty plea was not involuntary under Federal Rule of Criminal Procedure 11. The district court was not required to inform Turner of the applicable offense level and criminal history category under the Sentencing Guidelines prior to accepting Turner's guilty plea. *See Lewis v. United States*, 601 F.2d 1100, 1101 (9th Cir.1979) ("Rule 11 does not require that the court inform the defendant of the probability of his receiving one sentence or another. Indeed, it is improper to do so.").

■ We also reject Turner's claim that he may have been ineffectively advised by counsel regarding the possible sentencing range under the Sentencing Guidelines. "[A] mere inaccurate prediction, standing alone, would not constitute ineffective assistance" of counsel. *Iaea*, 800 F.2d at 865. Turner was informed by the district court that defense counsel's prediction of a sentence or sentencing range might be wrong based on factors not yet known to counsel. Although Turner's counsel apparently predicted a maximum sentence of 46 months, the 57 month sentence imposed was well below the statutory maximum of 20 years. Defense counsel's prediction did not constitute ineffective assistance. *Cf. Iaea*, 800 F.2d at 865 (counsel's performance was deficient where defendant pled guilty based on defense counsel's gross mischaracterization of the likely outcome of pleading guilty and erroneous advice regarding the possible effects of going to trial).

The Sentencing Guidelines should make it easier for defense counsel to advise a defendant regarding the probable sentencing range with greater accuracy because the various factors that will affect the computation of the offense level and criminal

history category are spelled out. Indeed, the Sentencing Commission's policy statement indicates that:

> The Commission ... expects the initial set of guidelines to have a positive, rationalizing impact upon plea agreements [because] the guidelines create a clear, definite expectation in respect to the sentence that a court will impose if a trial takes place. Insofar as a prosecutor and defense attorney seek to agree about a likely sentence or range of sentences, they will no longer work in the dark. This fact alone should help to reduce irrationality in respect to actual sentencing outcomes.

Sentencing Guidelines, Chapter One, Part A, Introduction 4(c), at p. 1.8.

### B. *Criminal History Calculation*

■ Turner contends that the district court erred in determining his criminal history category under the Sentencing Guidelines because his convictions for reckless driving and vehicle theft were minor traffic offenses. He argues that these misdemeanor offenses should have been excluded from his criminal history calculation pursuant to section 4A1.2(c)(2) of the Sentencing Guidelines. At sentencing, the district court determined that Turner had an offense level of 17 and a criminal history category of VI resulting in a sentencing range of 51 to 63 months. In pronouncing a sentence of 57 months the district court stated:

> I note that the recommendation of the probation officer is for 57 months. And while I have rejected the arguments made with regard to two of those misdemeanors, nevertheless, if those arguments were valid, this would reduce it one column and 57 months would be the upper end of the column, which it would be reduced to. I have that in mind as an additional reason [for imposing a sentence of 57 months].

In a well reasoned opinion, the Second Circuit held that the overlapping of the Sentencing Guideline ranges was designed to minimize the need to resolve disputes where the same sentence would have been imposed under either of the Sentencing Guideline ranges urged by the parties. *United States v. Bermingham,* 855 F.2d 925, 926 (2d Cir.1988). In reaching this conclusion the court stated, "[i]t is hard to think of any reason for the Sentencing Commission to have gone to such lengths to build overlapping into the table if it did not expect this feature to reduce the number of disputes that needed to be adjudicated in the application of the guidelines." *Id.* at 930. The Second Circuit relied upon the Policy Statement set forth in the introduction to the Sentencing Guidelines. There, the Sentencing Commission states, " '[b]y overlapping the [offense] levels, the table should discourage unnecessary litigation. Both prosecutor and defendant will realize that the difference between one [offense] level and another will not necessarily make a difference in the sentence that the judge imposes.' " *Id.* at 930–31 (quoting Sentencing Guidelines, Chapter One, Part A, Introduction 4(h), at p. 1.11). The Second Circuit reasoned in *Bermingham* that it made "little sense to hold, and review the outcomes of, all the hearings necessary to make" the various determinations that district courts are required to make under the Sentencing Guidelines "in those instances where the sentence is unaffected by the outcome" of any particular sentencing dispute. *Id.* at 932. The court concluded that its holding was supported by pre-Sentencing Guideline decisions which hold that a sentence may stand even though the district court was unaware of the applicable sentencing range provided that it could reasonably be concluded that the sentence imposed would not have been different had the trial judge been aware of the applicable sentencing range. *Id.* at 933.

We are persuaded by the Second Circuit's analysis in *Bermingham* of the effect of overlapping guideline ranges. In a situation where the trial judge would have pronounced the same sentence whether a dispute as to the appropriate guideline range was resolved in favor of the defendant or the government, a determination of which precise guideline range is applicable is unnecessary because the defendant cannot demonstrate prejudice.

■ In the instant matter, the record demonstrates that the district court in im-

posing a sentence of 57 months considered the fact that this term of imprisonment was within the Sentencing Guideline range urged by the defendant if the two misdemeanors were found to be minor offenses under section 4A1.2(c)(2) and the Sentencing Guideline range urged by government if these crimes were not considered minor offenses. Under these circumstances, our resolution of this dispute would be purely advisory. Therefore, we decline to resolve this sentencing dispute.

## II

## CONCLUSION

Turner's guilty plea was not involuntary under Federal Rule of Criminal Procedure 11. The district court was not required to inform Turner of his criminal history category prior to accepting his guilty plea. Because of overlapping Sentencing Guideline ranges, Turner's sentence of 57 months was consistent with the Sentencing Guidelines whether or not the district court correctly determined that the two misdemeanors were not minor offenses. The judgment of the district court is AFFIRMED.