923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Clark BRIDGET, Defendant-Appellant.
 No. 90-5346.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1990.
Decided Jan. 22, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-89-391-JFM, CR-89-392-JFM)
 Randolph O. Gregory, Sr., Baltimore, Md., for appellant.
 John V. Geise, Andrea L. Smith, Assistant United States Attorneys, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dana Clark Bridget appeals his conviction of conspiracy to distribute cocaine (21 U.S.C. Sec. 846), contending that he should have been permitted to withdraw his guilty plea. We affirm.
 
 
 2
 Bridget was part of an extensive organization which sold drugs in Baltimore, Maryland. On several occasions, Bridget sold drugs to federal agents. He entered his guilty plea pursuant to a plea agreement which stipulated what his final offense level would be, provided he gave substantial assistance to the government, but stated that no agreement or prediction was made about what his criminal history category would be, or about what the guideline range would be.
 
 
 3
 The presentence report computed Bridget's criminal history as a category IV, based in part on his juvenile record. This gave him a guideline range of 262-327 months, or 210-262 months if he provided substantial assistance. Bridget then filed a motion to withdraw his guilty plea, alleging that all parties had anticipated a guideline range of 151-188 months. After a hearing, the district court denied his motion to withdraw, finding that there had been no agreement about criminal history, that Bridget had entered his plea with this knowledge, and that the government would be substantially prejudiced if the plea were withdrawn because the trial of Bridget's numerous co-defendants was already in progress.
 
 
 4
 Fed.R.Crim.P. 32(d) permits the withdrawal of a guilty plea before sentencing for any fair and just reason. The defendant has the burden of showing a fair and just reason even when withdrawal of his plea would not prejudice the government. United States v. Haley, 784 F.2d 1218 (4th Cir.1986). On appeal, Bridget argues that the motion should have been granted because his attorney was ineffective in failing to anticipate the effect of his juvenile record on his criminal history, and in failing to move more quickly to withdraw the plea after seeing the presentence report, and because his plea was not voluntary in that he was not told what guideline range would apply when he entered the plea.
 
 
 5
 An accused who pleads guilty must be advised of the direct consequences of his plea, that is, those consequences which have "a definite, immediate and largely automatic effect on the range of defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364 (4th Cir.), cert. denied, 414 U.S. 1005 (1973). He must be informed of the maximum and minimum statutory sentence to which his plea exposes him. Fed.R.Crim.P. 11(c). He need not be informed of his criminal history category or the exact guideline range which will apply to him. United States v. Rhodes, 913 F.2d 839 (10th Cir.1990); United States v. Turner, 881 F.2d 684 (9th Cir.), cert. denied, 58 U.S.L.W. 3218 (U.S. Oct. 2, 1989) (No. 89-5451). Bridget was informed of the maximum and minimum sentence. The fact that he did not know his criminal history or exact guideline range does not establish a fair and just reason to withdraw his plea.
 
 
 6
 An attorney's inaccurate estimate of the guideline sentence does not constitute a fair and just reason to withdraw a guilty plea. United States v. Stephens, 906 F.2d 251 (6th Cir.1990); United States v. Turner, supra. An ineffective assistance claim should be brought in a 28 U.S.C. Sec. 2255 motion rather than on appeal. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982). Bridget also claims he was misled by the prosecutor. However, the record is clear that Bridget was informed in the written plea agreement and orally in court that his criminal history had not yet been determined and that it would affect the sentence he received. With this knowledge, he entered his plea.
 
 
 7
 Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.