949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Jay WICKEN, Defendant-Appellant.
 No. 91-30122.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1991.*
Decided Dec. 4, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Wicken pleaded guilty to two counts of violating federal explosives control laws and now appeals from his sentence, arguing that the district court erred by (1) applying a ten-point increase to his offense level, (2) failing to depart downward in imposing sentence, and (3) refusing to permit him to withdraw his guilty plea. Wicken also asserts that he was denied effective assistance of counsel. We affirm.
 
 
 3
 With respect to Wicken's first contention, it is clear that his being a convicted felon places him squarely within the definition of "prohibited person" under U.S.S.G. § 2K1.3(b)(4). We find no merit to the argument that his status as a "licensee" precludes the application of this Guidelines section to the facts of his case.
 
 
 4
 As for his second claim of error, we lack jurisdiction to review a district court's discretionary refusal to depart downward in imposing a sentence within the Guidelines. See United States v. Morales, 898 F.2d 99, 103 & n. 2 (9th Cir.1990).
 
 
 5
 Wicken's argument that the district court abused its discretion by denying his motion to withdraw his guilty plea is also meritless. The record reflects that Wicken was informed of the maximum sentence he could face, that he understood neither his attorney nor the court could tell him at the time he entered his guilty plea what the exact Guideline sentence range would be for his crimes, and that no promises had been made with respect thereto. An error in counsel's sentencing prediction does not constitute a ground for withdrawing his guilty plea. See United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991).
 
 
 6
 Finally, and for the same reason, we reject Wicken's claim of ineffective assistance of counsel. See United States v. Turner, 881 F.2d 684, 687 (9th Cir.) (attorney's failure to predict actual sentence received does not, without more, constitute deficient representation), cert. denied, 110 S.Ct. 199 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3