960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Timothy RHYMES, Defendant-Appellant.
 No. 90-50651.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided April 16, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. The district court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea because he did not anticipate the outcome in United States v. O'Neal, 910 F.2d 663 (9th Cir.1990), amended on other grounds, 937 F.2d 1369 (9th Cir.1991). United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991).
 
 
 3
 B. Defendant's guilty plea was neither made unknowingly or involuntarily, nor accepted in violation of due process, simply because defendant was unaware of the O'Neal decision when he pled guilty; he was fully aware at that time that no one could tell him in advance what his precise guideline range would be. See United States v. Turner, 881 F.2d 684, 686-87 (9th Cir.), cert. denied, 493 U.S. 871 (1989); see also Oliveros-Orosco, 942 F.2d at 646.
 
 
 4
 C. The district court did not err in not holding an evidentiary hearing on defendant's motion to withdraw his guilty plea, as defendant failed to request a hearing. Nor do we find it necessary to remand for such a hearing, especially in light of our holding in Oliveros-Orosco.
 
 
 5
 D. As a general rule we will not address ineffective assistance of counsel claims on direct review. See United States v. Schmit, 881 F.2d 608, 614 (9th Cir.1989); United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Because trial counsel was not obviously inadequate, see Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986), quoted in Turner, 881 F.2d at 687, and appellate counsel has provided no argument supporting the claim of ineffective assistance, see Fed.R.App.P. 28(a)(5), we see no reason to depart from our general rule. Thus, we do not consider Rhymes' claim of ineffective assistance.
 
 
 6
 E. Rhymes's final contention is that the district court denied his motion for a downward departure based on the erroneous conclusion that the court could not depart as a matter of law. If the district court did so conclude, such would indeed have been erroneous; the court had discretion to depart downward based on the principal ground advanced by Rhymes at sentencing: that the Guidelines overstate the seriousness of Rhymes's criminal history. United States v. Lawrence, 916 F.2d 553, 554-55 (9th Cir.1990). "Unfortunately, it is not clear from the record of the sentencing below whether the district court simply declined to exercise its discretion in favor of a downward departure ... or whether the court concluded as a matter of law that it could not depart downward.... Since we are unable to determine from the record whether the district court's ruling on this issue [of the Guidelines overstating the seriousness of Rhymes's criminal history] was an exercise of its discretion or a legal ruling, we must remand for clarification on this question." United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991).
 
 
 7
 AFFIRMED in part and REMANDED to the district court for clarification of its refusal to depart downward and, if appropriate, for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3