967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario OLACHEA-JIMINES, Defendant-Appellant.
 No. 91-50503.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 22, 1992.
 
 Before PREGERSON, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Olachea-Jimines (Olachea) appeals his sentence for conspiring to possess heroin with the intent to distribute. Olachea argues that the district court erred by refusing to grant a two-level downward adjustment for acceptance of responsibility. We affirm.
 
 STATEMENT OF CASE
 
 3
 On August 10, 1990, Olachea and codefendant Marco-AntonioQuihius-Campillo (Quihius) met with a confidential informant and showed the informant ten "pieces" of heroin located in a car driven by Olachea and Quihius. The informant then introduced Olachea to an undercover DEA agent and Olachea agreed to sell the agent one quarter of one kilogram of heroin, with two kilograms to follow. The agent attempted to separately negotiate a lower price with Quihius but was unable to do so.
 
 
 4
 When Olachea was interviewed by the probation officer he denied that he was involved in negotiations to sell drugs. Olachea subsequently pled guilty to conspiring to distribute heroin. Olachea submitted a statement to the court in which he accepted responsibility for the crime and expressed contrition. The court refused to grant Olachea a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1 because of Olachea's statements to the probation officer.
 
 DISCUSSION
 
 5
 We need not reach the merits of appellant's claim because the district court's decision regarding the 210 month sentence would not be affected one way or another by the adjustment appellant seeks. The court stated at the outset that a 210 month sentence was appropriate. When counsel was arguing for a two point reduction the district court said "it still overlaps 210 months." It is evident that the court would have ordered a 210 month sentence even with the reduction for acceptance of responsibility. See United States v. Rodriguez-Razo, No. 91-50147, slip op. 5193, 5205-6 (9th Cir. May 6, 1992) (the burden is on the government to show that the alleged error "did not affect the district court's selection of a specific sentence"). Any opinion on the court's denial of the reduction would be advisory only. United States v. Turner, 881 F.2d 684, 689 (9th Cir.), cert. denied, 493 U.S. 871, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).
 
 
 6
 At any rate, our review of the record satisfies us that the district court did not err by refusing to reduce Olachea's sentence for acceptance of responsibility under U.S.S.G. § 3E1.1(a).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3