46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio ACOSTA-LOPEZ, Defendant-Appellant.
 No. 94-10172.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Acosta-Lopez appeals his conviction following a guilty plea to reentry of a deported alien in violation of 8 U.S.C. Sec. 1326(b)(2). Acosta-Lopez contends that (1) his guilty plea was rendered invalid by his attorney's ineffective assistance and (2) the district court abused its discretion in denying his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 Acosta-Lopez contends that his guilty plea was invalid because his counsel gave him erroneous advice on his potential sentence. His contention lacks merit.
 
 
 4
 A claim of ineffective assistance of counsel is generally not reviewable on direct appeal unless "the record is sufficiently complete to allow us to decide the issue." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir. 1991) (quotations omitted). Here, the record is sufficient for us to review the claim because the district court held an evidential hearing on Acosta-Lopez's motion to withdraw his guilty plea and both Acosta-Lopez and his attorney testified at the hearing. See id.
 
 
 5
 A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990).
 
 
 6
 An ineffective assistance of counsel claim provides a basis to attack the validity of a guilty plea. United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990). To establish ineffective assistance of counsel, the defendant must show that (1) the specific acts or omissions of counsel fell below a standard of professional competence and (2) the alleged acts or omissions have prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is shown if there is a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Keller, 902 F.2d at 1394-95 (insufficient to show defendant's insistence on trial when he never denied his acts or suggested that a different parole calculation would have changed his plea); cf. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (possible prejudice where the record was "replete with evidence that defendant was very reluctant to plead guilty" and there was "a great deal of trouble convincing him to do so"). No prejudice results if, prior to the entry of a guilty plea, the district court "explained that the discretion as to what the sentence would be remained entirely with the court." Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990), cert. denied, 499 U.S. 940 (1991); see also United States v. Turner, 881 F.2d 684, 687 (9th Cir.) (no prejudice where court informed defendant that counsel's sentencing prediction might be wrong and defendant received a sentence well below the statutory maximum), cert. denied, 493 U.S. 871 (1989); United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (defendant not prejudiced because the plea agreement included the correct sentencing information), cert. denied, 484 U.S. 832 (1987).
 
 
 7
 Acosta-Lopez contends that his counsel failed to consider the special offense characteristics applicable to his case and thus misadvised him of his potential sentence. Even assuming counsel's performance was deficient, we conclude that Acosta-Lopez has failed to show that he was prejudiced. At the change of plea hearing, the district court ensured that Acosta-Lopez understood the maximum possible sentence of 15 years carried by his offense, the court's authority as to the final determination of his sentence, and the possible mistaken estimate by his attorney as to his potential sentence. See Doganiere, 914 F.2d at 168; Turner, 881 F.2d at 687.[1] Although Acosta-Lopez did not receive the 6-month sentence as allegedly advised by his attorney, his sentence of 57 months was well below the statutory maximum of 15 years as advised by the district court. See Turner, 881 F.2d at 687. Additionally, the plea agreement which was read to Acosta-Lopez word-for-word, line-by-line in Spanish and signed by him included a provision of the maximum possible penalties. See Rubalcaba, 811 F.2d at 494.
 
 
 8
 Acosta-Lopez argues that, but for counsel's erroneous calculation of his sentence, he would not have pled guilty. However, apart from Acosta-Lopez's testimony that he "entered a guilty plea because of what [he] believed the sentence would be," the record does not evidence Acosta-Lopez's denial of the charge and his insistence on going to trial. See Keller, 902 F.2d at 1394-95; Iaea, 800 F.2d at 861.[2] Rather, the record suggests that Acosta-Lopez might have pled guilty because of his attorney's advice that he might get an early release by entering a plea. Therefore, Acosta-Lopez suffered no prejudice by his attorney's erroneous advice. See Hill, 474 U.S. at 59.
 
 
 9
 II. The District Court's Denial of Motion to Withdraw Plea
 
 
 10
 "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993).
 
 
 11
 A district court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). Defense counsel's erroneous sentencing calculation does not provide the defendant with a fair and just reason to withdraw his guilty plea. See United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir. 1991); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990); cf. Iaea, 800 F.2d at 864-65 (when information given by counsel to his client is clearly erroneous under the existing law, defendant may be entitled to withdraw his plea). The fact that the district court ensures that the defendant fully understood "the sentencing court was not bound by any sentencing agreement" further shows lack of abuse of the court's discretion. Garcia, 909 F.2d 1346, 1348-49 (9th Cir. 1990); see also Oliveros-Orosco, 942 F.2d at 646.
 
 
 12
 Acosta-Lopez contends that counsel misadvised him of the potential sentence he might face because counsel failed to consider the specific offense characteristics applicable to his case. However, the counsel's mistaken advice on the potential sentence alone does not warrant Acosta-Lopez to withdraw his guilty plea. See Oliveros-Orosco, 942 F.2d at 646; cf. Iaea, 800 F.2d at 864-65. Further, the district court informed Acosta-Lopez of the maximum possible penalties, ensured that he had discussed the Sentencing Guidelines with his attorney, and explained that the court would make the ultimate sentencing decision. See Oliveros-Orosco, 942 F.2d at 646; Garcia, 909 F.2d at 1348-49. The district court emphasized that Acosta-Lopez could not withdraw his guilty plea even if the court's final sentence differed from his attorney's prediction or Acosta-Lopez disagreed with the court's determination. Accordingly, the district court did not abuse its discretion in denying Acosta-Lopez's motion to withdraw his guilty plea. See Oliveros-Orosco, 942 F.2d at 646; Garcia, 909 F.2d at 1348-49.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Acosta-Lopez claims that he did not understand what the district court meant on certain occasions during the plea hearing and was forced to answer affirmatively by his attorney. However, the transcript of the hearing indicates that Acosta-Lopez asked the court to clarify certain questions and then answered them
 
 
 [2]
 At sentencing, Acosta-Lopez's new attorney suggested that Acosta-Lopez "could have gone on trial" on the issue of whether Acosta-Lopez had previously been deported or departed voluntarily. However, as the district court commented, "[t]he fact of the deportation is clear."