103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alander Leon SMITH, Defendant-Appellant.
 No. 95-50367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Nov. 18, 1996.
 
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges
 MEMORANDUM*
 Alander Smith appeals his conviction for conspiracy to distribute cocaine and possession with intent to distribute cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.
 I. Bolton's Criminal Record
 Smith alleges that the government committed a Brady violation by failing to disclose an informant's criminal record. The informant, Byron Bolton ("Bolton"), lied about his record at trial. The government did not reveal this information until approximately ten months later. Smith contends that this information could have impeached the informant's testimony. See United States v. Manning, 56 F.3d 1188, 1198 (9th Cir.1995) ("A Brady violation occurs when the government withholds material, exculpatory evidence."); see also Bagley v. Lumpkin, 798 F.2d 1297, 1300 (9th Cir.1986) (holding that Brady obligations include a duty to produce impeachment evidence). We review the district court's Brady determination de novo. Manning, 56 F.3d at 1198.
 In assessing a Brady violation, we must first ascertain the appropriate standard for materiality. This, in turn, hinges upon the prosecution's knowledge of the evidence. United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989). Smith alleges that the government either knew, or should have known, of Bolton's record prior to trial.
 The district court determined that the government did not know, nor should it have known, about Bolton's criminal record. The district court then held an evidentiary hearing to determine whether there was a reasonable likelihood that the impeachment material would have affected the outcome. Concluding that such a likelihood did not exist, the district court denied the motion for new trial. We review the district court's determinations for clear error. Id. at 454 (providing standard of review).
 Because the government was unaware, the exculpatory evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 455. A reasonable probability is one "sufficient to undermine confidence in the outcome." Id. at 455 (citing Bagley, 473 U.S. at 682 (1985)).
 Bolton's trial testimony was important to the prosecution. As a DEA informant, he contacted Smith and communicated with him throughout the investigation. The DEA monitored Bolton's activity until Smith's arrest. At trial, Bolton testified about Smith's extensive involvement in the transaction.
 The court ruled that much of Bolton's criminal history would have been admissible to impeach his testimony. This included Bolton's two misdemeanor convictions for crimes involving dishonesty or false statements. In addition, the defense could have utilized evidence that Bolton had lied at previous trials.
 However, even a thorough discounting of Bolton's testimony does not create a "reasonable probability" that the outcome would have been different. The government provided extensive evidence which did not hinge on Bolton's credibility. This included: a FBI agent's testimony corroborating Bolton's assertions about Smith's role in the agreement to supply cocaine; taped transcripts of conversations between Bolton and Smith's co-defendant, discussing Smith's role; and, evidence that Defendant arrived at the arranged location, rented a hotel room, and occupied it at the time that cocaine was being delivered.
 Even a complete impeachment of Bolton's testimony fails to undermine confidence in the outcome, and the district court correctly denied Smith's motion for a new trial.
 II. Reweighing of the Cocaine
 Smith alleges that the district court abused its discretion by denying his motion to continue sentencing to allow for a reweighing of the cocaine with a defense expert present. We review the district court's decision to deny the motion under an abuse of discretion standard. See United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1323 (1995) (providing standard of review).
 A district court must balance a number of factors in ruling on a motion for a continuance:
 1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties;
 2) whether other continuances have been granted;
 3) whether legitimate reasons exist for the delay;
 4) whether the delay is the defendant's fault; and,
 5) whether a denial would prejudice the defendant.
 United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir.1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 742 (1995).
 Here, the court gave Smith's expert almost four months to attend a reweighing. On March 23, the court ordered the prosecution to reweigh the cocaine. On April 25, it ordered the prosecution to give defense counsel notice of the time and place for the reweighing. On June 18, the court continued sentencing to give Smith's expert an additional opportunity. Although the prosecution apparently complied with these orders, the expert did not observe a reweighing.
 Smith fails to offer a legitimate excuse for this failure. Although the DEA scheduled two reweighings, miscommunication between Smith's attorney and his expert prevented them from attending either one.
 The defendant is also unable to present concrete evidence of prejudice. He fails to dispute the DEA chemist's testimony that the weighings were conducted properly. In addition, the chemist testified that the highest weighing, conducted in August, 1989, was the most accurate because impurities in cocaine evaporate over time. Smith elicited no testimony, nor presented any evidence to illustrate that the court erred by accepting the DEA's determination of the weight.
 While determining the exact weight is clearly important, Smith presented no tangible evidence of actual prejudice. It is preferable to allow a defendant to insure that the government accurately conducts measurements, but we cannot disturb a district court's ruling absent a concrete demonstration of prejudice. See Gonzalez-Rincon, 36 F.3d at 865. The district court did not abuse its discretion in denying the continuance.
 III. Determination of the Cocaine's Weight
 Smith alleges that the district court erred when it found that 5.025 kilograms of cocaine were involved in the offense.
 As discussed in the preceding section, the district court relied on the testimony of the DEA chemist in determining the weight. This testimony was essentially uncontroverted. Thus, the government met its burden of proof. See United States v. Bracy, 67 F.3d 1421, 1434 (9th Cir.1995) (for sentencing purposes, the government must prove the amount of drugs by a preponderance of the evidence). In making this factual finding, the court did not clearly err. See United States v. Asagba, 77 F.3d 324, 325 (9th Cir.1996) (providing standard of review).
 IV. Motion to Strike Prior Convictions
 Smith alleges that the district court erred at resentencing by denying his motion to strike a 1987 state conviction because his guilty plea was involuntary. The court used this conviction in determining that Smith qualified for "career offender" status under section 4B1.1(A) of the United States Sentencing Guidelines.
 We review de novo whether a plea is voluntary and assess the related findings of fact for clear error. See United States v. Ullyses-Salazar, 28 F.3d 932, 939 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1367 (1995).
 Smith claims that he plead guilty because two Los Angeles County Sheriff's Deputies orchestrated beatings while he was in the county jail and threatened his life. Smith's claims are not completely implausible, as two of his convictions which occurred during the same time-period and involved the same officers were subsequently vacated.
 
 
 1
 However, Smith accepted his sentence and did not complain that he was coerced. See Sanchez v. United States, 50 F.3d 1448, 1455 (9th Cir.1995) (acceptance of plea afforded great weight in establishing voluntariness). Even after he was transferred to state prison, out of the deputies' control, Smith failed to assert that his guilty plea was involuntary.
 
 
 2
 We also find the extensive delay relevant to Smith's claim of involuntariness. Here, Smith did not complain until 1995, when the district court used the prior plea to enhance his sentence. In addition, Smith's original attorney failed to inform any court of the allegations prior to the 1995 evidentiary hearing.
 
 
 3
 The district court correctly concluded that Smith failed to meet his burden of proof that his plea was involuntary; see Ullyses-Salazar, 28 F.3d at 939 (defendant must prove by a preponderance of the evidence that a guilty plea is constitutionally invalid), and correctly included this conviction in its sentencing calculations.
 
 V. "Organizer or Leader" Enhancement
 
 4
 Smith alleges that the district court erred in assessing a two point "organizer or leader enhancement" for Smith's role in the offense under section 3B1.1(c) of the United States Sentencing Guidelines. Because we hold that the district court correctly denied the motion to strike Smith's prior state conviction, this determination does not affect Smith's sentence. Thus, we decline to review the district court's determination. See United States v. Turner, 881 F.2d 684, 688 (9th Cir.), cert. denied, 493 U.S. 871 (1989) (courts should decline to review where resolution of sentencing dispute does not affect defendant's sentence).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3