

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Savage

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Savage" (2006). *2006 Decisions.* Paper 1128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3074
_____


UNITED STATES OF AMERICA


v.


TYRONE SAVAGE,


Appellant


_____


On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Nos. 03-cr-00094-1 & 04-cr-00028-1)

District Judge: The Honorable Gregory M. Sleet
_____

Submitted under Third Circuit LAR 34.1(a) – March 28, 2006
_____

Before: MCKEE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

(Filed: May 10, 2006)

---

[*] Honorable Louis H. Pollak, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

1

————

OPINION

————

POLLAK, <u>District</u> <u>Judge</u>:

Appellant Tyrone Savage appeals a judgment order of the United States District Court for the District of Delaware by which he was sentenced to 120 months imprisonment upon his plea of guilty to nine counts of bank robbery in violation of 18 U.S.C. § 2113(a).

Because we write primarily for the parties, who are presumably familiar with the facts and procedural history of the case, we will summarize the facts and history of the case only briefly. Appellant Savage robbed multiple banks between July 10, 2003 and August 10, 2003. His *modus operandi* was to approach a bank teller and demand money, either verbally or by handing the teller a note; no weapons or threats were ever employed.

The presentence investigation report prepared by the probation office in anticipation of sentencing indicated that an off-duty Delaware state trooper recognized Savage as he left the scene of his last robbery and followed him in a minivan. Savage allegedly drove at high rates of speed in an attempt to elude the officer but was eventually stopped by marked patrol cars. Savage did not stipulate to these facts as part of a plea agreement, and he did not admit them at the sentencing hearing.

The presentence investigation report calculated Savage's total offense level pursuant to the sentencing guidelines to be 26. In reaching this offense level, the report

2

applied, among other offense level adjustments, a two-level obstruction enhancement pursuant to U.S.S.G. § 3C1.2. That section of the guidelines permits an enhancement when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." At the sentencing hearing, Savage urged that only facts proved to a jury or admitted by him could be taken into account for sentencing purposes, and he therefore contended that the two-level obstruction adjustment was inappropriate.

The District Court calculated Savage's criminal history category to be VI. The guidelines range of prison terms corresponding to a criminal history category of VI and a total offense level of 24, Savage's proposed offense level, was 100 to 125 months. Raising the offense level to 26, the government's proposed offense level, resulted in a guidelines range of 120 to 150 months imprisonment. The District Court, apparently recognizing the overlap in the two possible guidelines ranges, found it unnecessary to resolve the parties' dispute over the obstruction enhancement. The District Court sentenced Savage to, *inter alia*, a prison term of 120 months.

On appeal, Savage presents an elaborate argument urging that the District Court erred in sentencing him without first fixing his total offense level at 24. Savage begins by contending that the District Court should have considered the sentencing guidelines to be mandatory in his case – because *Booker*[1] had not yet been decided when Savage

---

[1] *United States v. Booker*, 125 S.Ct. 738 (2005).

committed his crimes, and because *Booker* raised the maximum available sentence in any given case above the guidelines range, Savage contends that applying *Booker* to his case would violate the *ex post facto* principles inherent in the Due Process Clause. Savage goes on to argue that, in calculating the mandatory guidelines range, the District Court should not have considered any facts that had not been admitted or proved to a jury, and therefore it should have found the two-level obstruction enhancement inapplicable, resulting in a total offense level of 24. Savage concludes that the District Court erred when it considered the guidelines ranges corresponding to both the correct offense level (24) and an incorrect offense level (26) in imposing sentence. He requests that this court remand his case for re-sentencing under the correct guidelines range.

We need not reach any of the constitutional questions raised by Savage's lengthy argument regarding his offense level. This is because, even were we to accept each of Savage's contentions in this regard, his sentence would be proper pursuant to the "overlapping guidelines doctrine." The two ranges considered by the District Court were 100 to 125 months imprisonment (the range advocated by Savage on appeal) and 120 to 150 months imprisonment. The District Court's chosen sentence, 120 months imprisonment, falls within both ranges. Before *Booker,* this court and many others adopted the "overlapping guidelines doctrine," the content of which is best summarized as follows: "'[A] dispute as to which of two overlapping guideline ranges is applicable need not be resolved where the sentence imposed would have been the same under either guideline range.'" *United States v. Kikumura*, 918 F.2d 1084, 1114 n.35 (3d Cir. 1990)

(quoting *United States v. Bermingham*, 855 F.2d 925, 934 (2d Cir.1988)); *see also United States v. Roselli*, 366 F.3d 58, 63-64 (1st Cir. 2004); *United States v. White*, 875 F.2d 427, 432 (4th Cir. 1989); *United States v. Dillon*, 905 F.3d 1034, 1037-38 (7th Cir. 1990); *United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir. 1992); *United States v. Turner*, 881 F.2d 684, 688 (9th Cir. 1989). Thus, even if Savage is correct that he should have been sentenced under the pre-*Booker* sentencing regime and that his total offense level should have been 24, we see no reason to vacate his sentence, as it falls within the guideline range corresponding to offense level 24.

Savage contends in his reply brief that the overlapping guidelines doctrine applies only when there are *factual* disputes as to the applicable guidelines range, and he urges that the dispute in his case is a legal dispute. Savage cites no case, and we are aware of none, that limits the overlapping guidelines doctrine to factual disputes, and we reject this argument. Savage also urges that the overlapping guidelines doctrine applies only when the District Court has indicated that the same sentence would be applied regardless of which range applied, and Savage contends the District Court did not so indicate. We disagree. The District Judge stated that he would not "cave[] into" the guidelines, but rather that he would consider the guidelines as one factor, along with all the other factors listed in 18 U.S.C. § 3553. Indeed, the District Judge stated "I do not feel bound by the notion that [the guidelines] are presumptively reasonable and that's where I have to start." Nevertheless, the District Judge expressed his belief that, in this case, the guidelines "happen[ed] to get it right." From these statements, we infer that the District Court would

5

have imposed a sentence of 120 months imprisonment whether it had formally adopted a total offense level of 24 or of 26.  The overlapping guidelines doctrine therefore applies, and we need not reach Savage's constitutional arguments regarding calculation of his offense level.

Savage's final argument on appeal is that the District Court erred in calculating his criminal history category by relying on facts – namely, the facts of Savage's prior convictions – not admitted by Savage or proved to a jury.  Savage contends that *Almendarez-Torres v. United States*, 523 U.S. 1254 (1998), in which the Supreme Court held that the fact of a prior conviction may be considered by a judge at sentencing even though not admitted by the defendant or proved to a jury, has been seriously undercut and is on the verge of being overturned.  However, Savage concedes that *Almendarez-Torres* has not yet been overturned.  As such, it is binding precedent on this court, and we therefore cannot accept Savage's argument that the District Court erred in calculating his criminal history category.  If *Almendarez-Torres* is to be overturned, we will leave it to the Supreme Court to do so.

Because Savage raises no meritorious objection to his sentence, the judgment of the District Court will be affirmed.