**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eliseo Antonio MENJIVAR–AMAYA,
Defendant—Appellant.**

**No. 05–50925.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 14, 2007.

Becky S. Walker, Esq., Patrick R. Fitzgerald, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Steven S. Lubliner, Esq., Law Offices of Steven S. Lubliner, Petaluma, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Eliseo Antonio Menjivar–Amaya "Menjivar" appeals the denial of his motion to withdraw his guilty plea and sentence. Because Menjivar's counsel did not "grossly mischaracterize" his potential sentence, and because the district court properly considered the factors set forth in 18 U.S.C. § 3553(a), we affirm the district court's decision and sentence.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The parties are familiar with the facts and procedural history of this case, so we do not repeat them here.

## I. Original counsel did not make a "gross mischaracterization" of the possible consequences of a guilty plea.

"It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court." *United States v. Signori,* 844 F.2d 635, 637 (9th Cir.1988). After the district court accepts the plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "[A] defendant may demonstrate a fair and just reason for plea withdrawal by showing that his counsel's gross mischaracterization [of his sentence] plausibly *could* have motivated his decision to plead guilty." *United States v. Davis,* 428 F.3d 802, 808 (9th Cir.2005). However, an erroneous or inaccurate prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea or constitute ineffective assistance of counsel. *See United States v. Garcia,* 909 F.2d 1346, 1348 (9th Cir.1990); *United States v. Turner,* 881 F.2d 684, 686–87 (9th Cir.1989); *Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986).

■ Menjivar argues that his original counsel grossly mischaracterized his potential sentence if Menjivar went to trial by stating that he would likely be sentenced to 100 months—the low end of a sentencing range of 100–125 months. In a declaration, Menjivar's original counsel stated that he specifically told Menjivar that he was calculating the potential sentence using the highest criminal history category of VI and they discussed the possibility that Menjivar had a lower criminal history category, which would lower the sentence. Menjivar concedes that the difference between the sentencing ranges with a criminal history category of VI and a criminal history category of III accounts for the entire discrepancy between the sentencing ranges his original counsel discussed and the PSR's recommended sentencing range. Menjivar's original counsel's decision to inform him of the worst case scenario under the highest criminal history category does not constitute "gross mischaracterization" of the possible consequences of a guilty plea for the purpose of deciding whether to allow the withdrawal of a guilty plea. There is no factual or legal basis for finding that the district court abused its discretion by denying Menjivar's motion to withdraw his guilty plea.

## II. The district court properly sentenced Menjivar.

■ Menjivar argues that the district court erred by giving presumptive weight to the Guidelines range and failing to consider his fear of being murdered in El Salvador and other facts. The district court specifically acknowledged that the Guidelines were advisory and began with the Guidelines range as a starting point, as required. *See United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006). There is no evidence that the district court gave an improper presumption of reasonableness to the Guidelines. *See United States v. Knows His Gun,* 438 F.3d 913, 918–19 (9th Cir.2006) (approving of sentencing that explicitly acknowledged the advisory nature of the Guidelines and discussed some of the factors listed in 18 U.S.C. § 3553(a)).

The district court conducted a lengthy discussion of the § 3553(a) factors, including: the seriousness of the offense, promotion of respect for the law, providing a

just punishment, deterrence, protection of the public, Menjivar's age, Menjivar's criminal history, congressional intent in creating the unlawful re-entry crime, and the requests of Menjivar's family. This court does not require that a district court do more. *See id.* at 918.

## CONCLUSION

The district court properly exercised its discretion in denying Menjivar's motion to withdraw his guilty plea because Menjivar's original counsel simply informed him of the possible sentencing consequences based on a higher criminal history category. The district court did not give presumptive weight to the Guidelines, and adequately considered Menjivar's arguments and the § 3553(a) factors in sentencing Menjivar to 46 months. Therefore, district court's decision and sentence is **AFFIRMED.**