**CLD-112**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2809
_____

UNITED STATES OF AMERICA

v.

TYRONE SAVAGE,
                              Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Nos. 03-cr-00094-001, 04-cr-00028-001)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 1, 2012 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Tyrone Savage, a federal prisoner incarcerated in Atwater,

California, appeals from an order of the United States District Court for the District of

Delaware denying his "Motion to Defer/Squash Restitution Until Release." The government has filed a motion for summary action. For the reasons discussed below, we will grant the government's motion and summarily affirm the District Court's order.

In 2004, Savage pleaded guilty to eight counts of bank robbery, and in 2005, the District Court sentenced him to 120 months' imprisonment. The District Court also ordered Savage to pay a $900 assessment and $10,696 in restitution. Savage was instructed to make payments while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP).

Savage appealed his sentence, and we affirmed the District Court's judgment. See United States v. Savage, 180 F. App'x 334 (3d Cir. 2006). Savage thereafter filed a motion in the District Court under 28 U.S.C. § 2255, which the Court denied, and we then refused to issue a certificate of appealability.

In June 2011, Savage filed the motion that is at issue here. He claimed that jobs have become less freely available in prison and that, if he continued to pay the restitution that he owed, he would not be able to "enjoy the purchase of many basic necessities that would help him to sustain himself while incarcerated." Accordingly, he asked to suspend his restitution payments until he is released from prison. Attached to this motion was a so-called "letter motion." In the letter motion, Savage reiterated his request to postpone payment, while also stating that he had "strong feelings against the reimbursement of restitution to Wachovia," because, he claimed, the bank had been involved in slave

2

trading and drug trafficking. The District Court orally denied this motion, and Savage filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may affirm the District Court on any ground supported by the record. See OSS Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010). We discern three possible arguments that Savage's motion may present: (1) a request to modify the restitution payment schedule ordered by the District Court; (2) a request to modify the restitution payment schedule instituted by the IFRP program; and (3) a challenge to the overall validity of the Court-imposed restitution order.[1]

To the extent Savage sought to challenge the restitution payment schedule imposed by the District Court, the Court had jurisdiction to modify the payment schedule to address "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); see also United States v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005) (noting that "the district court retains jurisdiction to amend or adjust the restitution order if there is any material change in [the defendant's] economic circumstances"). Here, while Savage claimed, generally, that prison jobs have become scarce, he failed to present any evidence or specific allegations about his economic circumstances, such as how much he previously earned per month,

---

[1] In his appellate brief, Savage argues that the District Court failed to make clear the statutory basis for the restitution order and that this failure requires the order to be vacated. That argument, however, was never presented to the District Court, and has thus been waived. See, e.g., Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006). Moreover, the argument also fails for the reasons discussed below.

how much he earns now, or how much money he has in his prison account. Further, his claimed moral compunction about repaying Wachovia does not constitute a "material change in [his] economic circumstances." Accordingly, Savage is not entitled to relief under § 3664(k). See generally United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (denying motion under § 3664(k) because prisoner failed to present evidence establishing an "immediate change in his economic circumstances").

To the extent that Savage challenges the payments he is required to make through the IFRP, the proper vehicle for such a claim is a petition under 28 U.S.C. § 2241 filed in the district where his sentence is being carried out. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); see also United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009); cf. United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008). Thus, to pursue this claim, Savage must file a § 2241 petition in the Eastern District of California.

Finally, to the extent that Savage seeks to challenge the overall validity of the District Court's restitution order, such a challenge should have been made on direct appeal. The limited jurisdiction conferred by § 3664(k) does not encompass such a broad attack on a restitution order. Moreover, even assuming that Savage could challenge a restitution order via 28 U.S.C. § 2255 — a highly doubtful proposition, see United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) — he must obtain permission from this Court before filing a successive motion, see 28 U.S.C. § 2255(h), which he has not done. Therefore, if Savage intended to proceed under § 2255, the District Court properly refused relief. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (explaining

4

that "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals").

Accordingly, we grant the government's motion for summary action and will affirm the District Court's judgment.